## Allstate Insurance Company v. Robison

*Carolann A. Young,* for plaintiff.
*Douglas W. Reed,* for defendant.

FIKE, II, *J.,* October 19, 1987 — This case is before the court on petition filed by Allstate Insurance Company to compel a medical examination of respondent under the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §1796.

Respondent, Robison, is the insured under a policy of automobile insurance issued by petitioner, Allstate. On August 1, 1986, Robison was involved in an automobile accident in Somerset County, Pa. Robison applied to Allstate for first party benefits under the subject policy of insurance, and has received payment of those benefits for which she has applied.

Robison has been treated for her injuries by Robert V. Jacobs, M.D. for whom Robison was employed as a medical secretary. Dr. Jacobs, however, was not her family physician prior to the accident.

Robison was diagnosed as suffering from an acute cervical strain, soft tissue injury located in her neck and back. During the course of treatment, Robison was hospitalized on two occasions and re-

ceived physical therapy both during the periods of hospitalization and also on an outpatient basis since approximately September of 1986.

During her first hospital admission in August, 1986, Robison was also seen by Robert Love Baker, II, D.O. and beginning in September, 1986, Robison has also been examined periodically by Daniel Miller, M.D. a neurosurgeon.

Drs. Jacobs, Baker and Miller have continued to treat Robison. The course of treatment included a second hospitalization in late October, 1986.

Dr. Jacobs reported, and at the hearing on May 14, 1987, testified, that Robison has been unable to resume her duties as medical secretary at least through May 14, 1987.

Allstate has paid all of its required medical expense payments and has paid approximately seven-eighths of the wage loss, under the first party benefits provisions of the insurance policy. Approximately $1,231.00 of benefits remain to be paid.

In support of the petition for medical examination, Allstate argues that good cause has been shown to justify its request, because Robison's proof of continuing disability and continuing work loss is suspect and inadequate due to the relationship of employer and employee between Dr. Jacobs and Robison and because of the existence of alleged conflicting medical opinions in the hospital records. Allstate further contends that it would be "assisted in the evaluation of the claim presented by Robison now and in the future." Petitioner's mention of claims in the future refers to $50,000 of underinsured motorist coverage which remains, according to Allstate, potentially exposed under the subject policy.

## DISCUSSION

The Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1796 provides, in part, as follows:

"(a) *General Rule.* Whenever the mental or physical condition of a person is material to any claim for medical, income loss or catastrophic loss benefits, a court of competent jurisdiction or the administrator of the Catastrophic Loss Trust Fund for catastrophic loss claims may order the person to submit to a mental or physical examination by a physician. The order may only be made upon motion *for good cause shown.* . . ." (emphasis supplied).

As petitioner explains in its brief, section 1796 of the Financial Responsibility Law closely tracks a parallel provision in the No-fault Motor Vehicle Insurance Law, Act 1974, July 19, P.L. 489, §1009.101 et seq. repealed by Act, February 12, 1984, P.L. 26, §8a, effective October 1, 1984 (for language of prior law, see 40 P.S. §1009.401, Purdon's Supp. 1987).

Other common pleas courts have had occasion to interpret the "good cause" requirement under both the Financial Responsibility Law and the No-Fault Act. See *Nationwide Mutual Insurance Co. v. Fandray,* 12 D.&C. 3d 65 (1979); *Prudential Property and Casualty Co. v. Campagna,* 23 D.&C. 3d 741 (1981); *Mutual Benefit Insurance Co. v. Walker,* 28 D.&C. 3d 537 (1984); *Flinchbaugh v. National Mutual Insurance Co.,* 30 D.&C. 3d 58 (1983); *Allstate Insurance Co. v. McLane,* 30 D.&C. 3d 86 (1984); *Motorists Insurance Co. v. Kramer,* 39 D.&C. 3d 252 (1985) (interpreting the No-fault Act); *Erie Insurance Exchange v. Dzadony,* 39 D.&C. 3d 33 (1986); *Allstate Insurance Co. Painter,* 135 P.L.J. 74 (1987) (interpreting the Financial Responsibility Law).

Before embarking on a discussion of "good cause", however, we must consider the procedural status of the instant case.

"A petition for a physical examination under section 401 of the No-fault Motor Vehicle Insurance Act may be filed even though no legal proceedings have been instituted. (Footnote omitted). It is the submission of a claim and not the institution of legal proceedings which triggers the insurer's right to petition the court for an order requiring the insured to submit to a physical examination." See: *Nationwide Mutual Insurance Co. v. Fandray,* supra. See also *Erie Insurance Exchange v. Dzadony,* supra.

At the present time, a claim has been made to the insurance company for first party benefits only.

Allstate candidly asserts, however, that a primary reason for the request for physical examination is to help Allstate evaluate a possible future claim for underinsurance benefits. Since no claim has yet been filed for underinsurance benefits we must conclude that Allstate can not rely on any alleged necessity for evaluating the potential underinsurance claim, to show "good cause" under its present petition.

If we look only to the first party benefits claim, both parties agree that only a small portion of those benefits remain to be paid. Robison has supplied Allstate with comprehensive records and reports from the treating physicians with regard to plaintiff's claims for those first party benefits. Given our decision that Allstate's petition for examination with respect to the underinsured coverage benefits is premature, leaving only the first party benefits claim for consideration, we have concluded that Allstate has not shown "good cause" to require Robison to undergo a physical examination with respect to the first party benefits.

## ORDER

Now, this October 19, 1987, the petition by Allstate Insurance Company for physical examination of respondent is denied.